MARCOS CALDERÓN DE LA CONCHA ET AL., Plaintiffs and Appellants, v. LA SOCIEDAD ESPAÑOLA DE AUXILIO MUTUO Y BENEFICENCIA ET AL., Defendants and Appellees.

No. 4850. Argued March 6, 1930.—Decided June 10, 1931.

*R. Sancho Bonet* for appellants. *Monserrat & Monserrrat* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The district court found that defendant, in a revindicatory action, had acquired title to the property in question by prescription, and this is assigned as error.

In 1874 Doña Rita de la Concha, wife of Don Félix Cal-

derón, purchased the land now in controversy. They had four children, Marcos, Pedro, José Antonio, and Isabel María. Pedro died in April, 1876, leaving an infant daughter, Juana Rita. About a month later, Doña Rita and her husband both died intestate, leaving as heirs their three children, Marcos, José Antonio, and Isabel María Calderón de la Concha, and the granddaughter, Juana Rita Calderón Rivera. Isabel María was the wife of Rodolfo González.

In 1888, Javier Zequeira Benítez, alleging that he had purchased the property from Rodolfo González in 1881, obtained a possessory title which he recorded in the registry of property in 1889. In March, 1890, Zequeira sold to José Martínez Pérez, who acknowledged the existence of a mortgage in favor of the minor, Juana Rita Calderón y Rivera. In April, 1890, Martínez Pérez executed a mortgage in favor of Miguel Portero to secure a loan of $1,000.

In a notarial instrument dated April 1, 1890, Marcos Calderón de la Concha, then twenty-nine years of age, stated that in a private document executed in 1876, he, at the time a minor, and his brother, José Antonio, and his sister, Isabel Calderón, had voluntarily recognized Rodolfo González as the owner of the property acquired by Rita de la Concha in 1874, had acknowledged the purchase by González of such property during the lifetime of Doña Rita, had explained the failure to execute a deed of conveyance as due to the sudden death of Doña Rita followed almost immediately by that of her husband, and had admitted the quiet, peaceful and uninterrupted possession by González and the payment of taxes by him as owner from the time of such purchase. In the same instrument Marcos Calderón waived any and all rights arising out of the fact that he was a minor at the time of the execution of the private document of 1876, ratified that document, and recognized the validity of the conveyance by Rodolfo González to Javier Zequeira Benítez and of the conveyance by Zequeira Benítez to José Martínez Pérez.

In October, 1891, Martínez Pérez conveyed to José Fer-

nández Villamil, subject to a covenant for reconveyance within one year upon repayment of the purchase price. This instrument was recorded within the same month and year, and the consummation of the sale was made the subject of a marginal note at the instance of a subsequent owner in February, 1900.

In December, 1898, Juana Rita Calderón, then twenty-three years of age, received in the presence of a notary from the widow of José Fernández Villamil the amount of the mortgage mentioned in the conveyance by Zequeira to Martínez Pérez, and consented to a cancellation of the mortgage which was accordingly canceled in the registry of property.

Later, after a series of transfers the property was purchased by Matilde Vega in March, 1902. Some two years before, the possessory title had been converted by judicial decree into one of dominion. In January and February, 1907, the Sociedad Española de Auxilio Mutuo y Beneficencia, defendant herein, purchased from Doña Matilde and from her children, the heirs of her deceased husband.

The present action was commenced in December, 1925, more than eighteen years after acquisition of the property by defendant herein, and more than thirty-five years after the conveyance by Zequeira to Martínez Pérez. Defendant had already acquired title to the property both by possession for more than ten years in good faith under color of title, and by possession for more than thirty years, with or without good faith or color of title, unless the running of this statutory period had been interrupted by an action brought in 1906 by Juana Rita Calderón y Rivera. The record of that action seems to have been lost and was not introduced in evidence at the trial herein.

The clerk of the district court issued a certificate as to the existence of certain docket entries to the effect that in March, 1906, the complaint in a revindicatory action entitled Succession of Pedro Luis Calderón de la Concha, plaintiff, v. Heirs of José J. Sanjurjo, defendants, was filed by Miguel

Guerra as attorney for plaintiff; that Manuel F. Rossy was the attorney for defendants; that on March 29th seven summonses with the return thereon were filed; that defendants demurred on April 9th; that on August 1st, a motion to have the demurrer set for hearing was filed; that on September 21st the court passed upon the demurrer; that on February 25, 1907, the court again passed upon a demurrer; and that on March 20, 1908, the case was dismissed for want of prosecution. A certified copy of the judgment recites that on April 8, 1907, counsel for defendants moved in open court that plaintiff be deemed to have abandoned her action; and that counsel for both parties announced that they were ready to discuss the motion which was argued on the same day. This judgment purports to have been rendered on March 31st, 1907, and to have been entered in the judgment book on June 1st. It refers to an opinion said to have been filed by the district judge, as setting forth the reasons why the action was dismissed for want of prosecution.

From the testimony of the clerk of the district court while on the stand at the trial of the instant case, with the docket in his hand, we take the following extract:

"Q.—What is the next entry?

"A.—It says: 'March 28, 1906, Stenographer three dollars.'

"Q.—When does it appear that the summonses with their returns were filed?

"A.—Then comes an entry which says: 'March 29, 1906, summonses three fifty.'

"Q.—So that the summonses appear to have been returned . . .

"A.—I can not say whether or not they were returned. The entry says: 'March 28, 1906, 7 summonses.'

"Judge: Do they appear to have been returned or just issued?

"A.—I can not say what the custom was at that time.

"Judge: In the Code of Civil Procedure of 1904 there is a schedule wherein the charges for filing a complaint are set forth. A deposit of $10 was made for the convenience of the clerk and from that amount the expenditures were deducted."

Félix Vega Nevares, who had acted as an attorney in fact for his daughter, Matilde Vega, in conveying the property to defendant herein, testified as a witness for plaintiffs herein; that a committe representing La Sociedad Española de Auxilio Mutuo y Beneficencia, the president, Don Avelino Vicente, an attorney, Wenceslao Bosch, and others called one day in January, 1907, and inquired whether witness would sell the property; that witness told them he had a power of attorney from his daughter, and they asked him the price and he said $5,500, but told them that some two months before, Juana Rita Calderón had brought an action against his daughter in the district court; that the attorney, Wenceslao Bosch, replied that the pending action was no obstacle because in his opinion it was barred by reason of the years that had passed, but that $1,100 could be deposited in court pending the result; and that La Sociedad Española de Auxilio Mutuo made the deposit.

Section 1851, 437, 1846, and 1847 of the Civil Code read as follows:

"Sec. 1851: Good faith of the possessor consists in his belief that the person from whom he received the thing was the owner of the same, and could convey his title.

"Sec. 437: Good faith is always presumed, and any person averring bad faith on the part of a possessor, is bound to prove the same.

"Sec. 1846: Civil interruption is caused by a judicial citation of the possessor, even should it be by order of a court or of a judge without jurisdiction.

"Sec. 1847: The judicial citation shall be considered as not made and shall not cause interruption:

1. If it should be void by reason of the absence of legal formalities.

2. If the plaintiff should withdraw his complaint or should permit the proceedings to lapse.

3. If the suit against the possessor should be dismissed."

As shown by the second and third subdivisions of section 1847, the civil interruption referred to in section 1846, is

contingent upon prosecution of the action by plaintiff to a successful conclusion. 12 Manresa 802, 804. An unsuccessful action, which does not result in any change of possession, does not arrest the running of the statute. The result is the same whether the action be voluntarily discontinued by plaintiff or dismissed for want of prosecution. 2 C. J. 109, sec. 166.

The unsuccessful attempt of Juana Rita Calderón to recover an undivided interest in the property did not interrupt the adverse possession of defendant nor that of its predecessor in interest, Matilde Vega. The possession of defendant and of those from whom it deraigns title, beginning with the record of a possessory title in Javier Zequeira Benítez and extending over a period of thirty-seven years, had ripened into full ownership before the present action was commenced.

The effect of the previous action upon the good faith of defendants is another question, but here also we agree with the court below that the showing made by plaintiffs was not enough to overcome the presumption of good faith.

It may be conceded that defendant was put upon inquiry by notice of the pending action when about to purchase the property. We cannot assume that such inquiry would have disclosed anything more than plaintiffs were able to prove at the trial of the instant case.

The conveyance by Javier Zequeira Benítez to Martínez Pérez was a "proper title" within the meaning of section 1858 of the Civil Code. *Teillard* v. *Teillard et al.,* 18 P.R.R. 546. When Juana Rita Calderón brought her action sixteen years after the date of that conveyance, Matilde Vega and her predecessors in interest had already acquired title by prescription. During all of that period there was nothing in the registry of property to indicate any defect in the title, which in 1900 had been converted into one of dominion. The good faith of the successive purchasers throughout that period can hardly be questioned.

When defendant purchased the property it had every

reason to believe that Matilde Vega was the owner thereof and that she had a good defense to the action commenced by Juana Rita Calderón. The fact that it withheld a portion of the purchase price and deposited the same pending a final determination of that action does not amount to evidence of bad faith. Title by prescription when relied upon as a defense must be pleaded and proved. The deposit was merely a stimulus to the proper presentation of a good defense and an ordinary precaution against possible failure to establish the same in the absence of such an incentive after a transfer of the property. Defendant itself, then, was a possessor in good faith and with a just title from the date of its purchase and had perfected that title by prescription long before the present action was commenced.

In view of the conclusions already reached, we need not consider other matters discussed in the brief for appellants, nor would we be understood as passing upon any question not raised by appellants.

The judgment appealed from must be affirmed.